**SUPERIOR COURT**
OF THE
**STATE OF DELAWARE**

VIVIAN L. MEDINILLA
JUDGE

LEONARD L. WILLIAMS JUSTICE CENTER
500 NORTH KING STREET, SUITE 10400
WILMINGTON, DE 19801-3733
TELEPHONE (302) 255-0626

October 29, 2020

Thomas Hayman, Jr.
P.O. Box 239
Cheswold, DE 19936

Aaron C. Baker, Esquire
Taylor R. West, Esquire
City of Wilmington Law Department
Louis L. Redding City County
Building
800 North French Street, Ninth Floor
Wilmington, DE 19801

Re: *Thomas Hayman, Jr. v. City of Wilmington, Wilmington Fire Department, et al.,* **CA No. N19C-09-178 VLM**

Dear Messrs. Hayman and Baker:

This is the Court's decision on Defendant City of Wilmington, Wilmington Fire Department's Motion to Dismiss. After consideration of all pleadings and the oral arguments on October 26, 2020, for the reasons stated below, Defendant's Motion is **GRANTED.**

## I. Factual and Procedural Background

Plaintiff Thomas Hayman, Jr. (Plaintiff) is a former firefighter who worked City of Wilmington Fire Department until his termination in 2016.[1] In October of 2015, Plaintiff reported a complaint with the Department of Justice (DOJ) against the Chief of the fire department, Anthony Goode. At the time, the former Chief was also acting in his capacity as the president of the Gallant Blazers, Inc. or Gallant Blazers Organization (GBO), a professional development group that helps minority firefighters in Wilmington.[2] Plaintiff reported to the DOJ that Goode committed

---

[1] Plaintiff's Complaint, D.I. 1, at 1 [hereinafter Complaint].
[2] *Id.* at 1.

1

financial misconduct[3] against GBO.[4] After reporting Goode's misconduct, Plaintiff alleges that the City of Wilmington, Wilmington Fire Department (Defendant), along with others, "maliciously" brought forth charges against him to terminate his position in retaliation for the complaint against Goode.[5] Plaintiff was terminated on September 19, 2016.[6]

On September 19, 2019, Plaintiff filed a Complaint alleging that his termination was in violation of the Whistleblower Protection Act, 19 *Del. C.* § 1701 *et seq*. On February 27, 2020, Defendant filed this Motion to Dismiss for failure to state a claim under Rule 12(b)(6). On May 5, 2020, this Court granted Plaintiff's request for additional time to respond and obtain counsel, accepting that the pandemic was hindering Plaintiff's efforts to find an attorney.

By July 30, after Plaintiff had not yet retained counsel, the Court advised that he had until August 28 to contact chambers and confirm if he found legal representation. The Court also provided a tentative date of October 19, 2020 to hear argument on the motion. Plaintiff was advised that if he failed to retain counsel, the motion would go forward. Plaintiff did not contact the Court to advise whether he retained counsel. He did notify the Court that he required additional time to accommodate his schedule and the October 19 hearing was re-noticed to October 26, 2020.

On October 26, 2020, Plaintiff appeared *pro se*. He also did not file a response. Plaintiff indicated his efforts to retain counsel were unsuccessful and that he was "ignorant" of the need to respond in writing to the motion because he believed the hearing would provide the forum from which to respond. Over Defendant's objections, the Court decided to allow Plaintiff to present his oral argument in the absence of any written pleading. *Pro se* litigants "are expected to comply with the rules of this Court," although the Court may hold them "to a less exacting standard when reviewing their pleadings."[7] However, "the Court will accommodate *pro se*

---

[3] Following an investigation, public records reflect that the DOJ brought criminal charges including criminal racketeering and theft against Goode, who subsequently pled guilty to theft of $50,000 or more and unlawful use of a payment card. In 2019, he was sentenced to one year in prison followed by a period of probation, and repay the Gallant Blazers more than $62,000.

[4] *Id.* at 1.

[5] *Id.* at 2.

[6] *Id.* at 1.

[7] *Maddox v. Isaacs*, 2013 WL 2297030, at *2 (Del. Super. May 7, 2013), *aff'd* 74 A.3d 654, 2013 WL 4858989 (Del. Sept. 10, 2013) (TABLE) (citations omitted).

litigants only to the extent that such leniency does not affect the substantive rights of the parties."[8] Having heard oral arguments, the matter is ripe for review.

## II. Standard of Review

For purposes of a motion to dismiss for failure to state a claim under Superior Court Civil Rule 12(b)(6), all well-pleaded allegations in the complaint must be accepted as true.[9] In deciding a motion to dismiss under Rule 12(b)(6), the Court must draw all reasonable inferences in favor of the non-moving party;[10] however, it will not "accept conclusory allegations unsupported by specific facts," nor will it "draw unreasonable inferences in favor of the non-moving party."[11] Dismissal of a complaint under Rule 12(b)(6) must be denied if the plaintiff could recover under "any reasonable conceivable set of circumstances susceptible of proof under the complaint."[12] Dismissal may only be granted if it appears to a certainty that under no set of facts that could be proved to support the claim asserted would the plaintiff be entitled to relief.[13]

## III. Party Contentions

Defendant asserts that any alleged financial misconduct of funds by Goode were not under the control of the City of Wilmington's Fire Department and therefore, the Whistleblower Protection Act cannot serve as a basis for Plaintiff's claim. Defendant also asserts that Goode was not acting as an agent for Defendant when the alleged financial misconduct took place and instead was acting as the president of GBO. Plaintiff argued that the Whistleblower Protection Act applied because he was retaliated against by his employer, Goode, for filing a complaint with the DOJ while Goode was also acting as president of GBO.

---

[8] *Id.* (citing *Anderson v. Tingle*, 2011 WL 3654531, at *2 (Del. Super. Aug. 15, 2011); *Alston v. State*, 2002 WL 184247, at *1 (Del. Super. Jan. 28, 2002)).

[9] *Spence v. Funk*, 396 A.2d 967, 968 (Del. 1978).

[10] *In re Gen. Motors (Hughes) S'holder Litig.*, 897 A.2d at 168.

[11] *Price v. E.I. DuPont de Nemours & Co.*, 26 A.3d 162, 166 (Del. 2011) (citation omitted).

[12] *Spence*, 396 A.2d at 968 (citing *Klein v. Sunbeam Corp.*, 94 A.2d 385 (Del. 1952)).

[13] *Klein*, 94 A.2d at 391.

## IV. Discussion

The Whistleblower Protection Act, broadly speaking, prohibits an employer from retaliating against an employer for reporting certain violations of the law.[14] However, the law has its limits and only applies to certain violations. These violations relate to: (1) workplace or environmental safety standards;[15] (2) financial management or accounting standards;[16] or (3) campaign finances.[17] Here, Plaintiff asserts violation of financial or accounting standards.

Accordingly, to state a claim under the Whistleblower Protection Act, Plaintiff must show that any alleged retaliation was for reporting: (1) a violation of financial management or accounting standards;[18] (2) that the violation was related to funds or assets under the control of his employer;[19] and (3) that the violation was due to an act or omission of his employer or an agent thereof.[20] Plaintiff fails to satisfy prongs two and three.

Plaintiff arguably alleges a violation of financial management or accounting standards as he states that Goode committed financial misconduct. Plaintiff however, fails to allege that the funds used by Goode were under the control of his employer and in fact appears to state the opposite as he alleges that Goode's misconduct was for use of funds related to a third-party, GBO. The allegation is that Goode was the president of GBO "for which the misconduct was perpetuated (sic) against."[21] Plaintiff does not allege a connection between GBO and the Defendant, conceding that GBO is a separate entity, albeit run by Goode who was acting in his capacity as Chief of Defendant. The Act requires that Plaintiff establish the violation was that of his employer, the Defendant. Plaintiff does not so allege.

Therefore, because Plaintiff has not alleged that Goode's violation related to use of Defendant's funds nor that Goode was acting as an agent of Defendant at the time of the misconduct, Plaintiff has failed to state a claim under the Whistleblower Protection Act.

---

[14] *See generally* 19 *Del. C.* § 1703.

[15] *Id.* § 1702(6)(a).

[16] *Id.* § 1702(6)(b).

[17] *Id.* § 1703(5).

[18] *Id.* § 1702(6)(b).

[19] *Id.*

[20] *See Addison v. East Side Charter School of Wilm., Inc.*, 2014 WL 4724895, at *4 (Del. Super. Sept. 19, 2014) ("It is clear that the focus of the statute is on misbehavior of the employer.").

[21] Complaint, at 1.

4

## V.     Conclusion

In considering all facts and reasonable inferences in the favor of Plaintiff, Defendant City of Wilmington, Wilmington Fire Department's Motion to Dismiss for failure to state a claim is **GRANTED,** without prejudice.

**IT IS SO ORDERED**

Vivian L. Medinilla
Judge